UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| PITTSBURG TANK & TOWER CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-cv-32-RLY-WGH |
| | ) | |
| PREFERRED TANK & TOWER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON AMENDED MOTION FOR PROTECTIVE ORDER**

This matter came before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the defendant's Amended Motion for Protective Order for Sealing of Depositions and Ordering Plaintiff to Limit Further Discovery Pursuant to 26(c) FRCP, filed October 5, 2010. (Docket No. 43). Plaintiff's Response and Memorandum in Opposition was filed on October 21, 2010. (Docket No. 58). Defendant's Reply Brief was filed on October 28, 2010. (Docket No. 59). The Magistrate Judge conducted a hearing on November 12, 2010, at which the parties were represented by counsel.

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the motion, as follows:

1. The movant's request to seal all depositions is denied. The Magistrate Judge concludes that the parties did not enter into an agreed protective order prior to conducting this discovery, and that there has been an insufficient showing that truly confidential information has been disclosed in the discovery

to date. The Magistrate Judge notes that no discovery materials have been filed with the court at this time.

2. With respect to the defendant's motion to prohibit the deposition of David Garrett, that motion is granted, in part, and denied, in part. Mr. Garrett may be deposed, but his deposition testimony will be limited to his personal knowledge of information related to marketing or advertising engaged in while he was employed with the defendant.

3. With respect to the defendant's request that the court stay all discovery which is not relevant, the Magistrate Judge has advised the parties that he will, in fact, enforce the seven-hour limitation with respect to discovery in this case. In addition, because this case involves discovery between two direct competitors in the same business, the Magistrate Judge wishes to prohibit the litigation from being used to divulge competitive information. In light of the fact that this case involves allegations of misuse of certain materials in a marketing or advertising context, questions shall be limited to activities with respect to the conduct of marketing and advertising actions. Discovery shall not require disclosure of information which would allow a competitor to determine pricing or internal business costs, or which would disclose customer lists and similar information.

**SO ORDERED.**

**Dated:** November 22, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Todd C. Barsumian
BARSUMIAN LAW
todd@barsumianlaw.com

Angela L. Freel
RUDOLPH FINE PORTER & JOHNSON LLP
alf@rfpj.com

David L. Jones
JONES WALLACE, LLC
djones@joneswallace.com

Julia B. Langerak
JONES WALLACE LLC
jlangerak@joneswallace.com

Robert W. Rock
JONES WALLACE LLC
rrock@joneswallace.com

Ross E. Rudolph
RUDOLPH FINE PORTER & JOHNSON
rer@rfpj.com

Paul J. Wallace
JONES WALLACE LLC
pwallace@joneswallace.com