UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| PITTSBURG TANK & TOWER CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-cv-32-JMS-WGH |
| | ) | |
| PREFERRED TANK & TOWER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT**

This matter is before the court on Plaintiff's Motion for Leave to File First Amended Complaint filed February 28, 2011. (Docket No. 82). Defendant filed its Objection on March 11, 2011. (Docket Nos. 83-84). Plaintiff filed its Reply on March 17, 2011. (Docket No. 85).

**I.   Discussion**

Plaintiff, Pittsburg Tank & Tower Co., Inc. ("Pittsburg"), filed this motion seeking to amend its Complaint. The amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave should be freely given when justice requires. FED. R. CIV. P. 15. "Although the rule reflects a liberal attitude towards the amendment of

pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002).

In this case, Pittsburg claims that it owns a website entitled www.watertank.com. Pittsburg alleges in its proposed Amended Complaint that Defendant, Preferred Tank & Tower, Inc. ("Preferred"), took certain items which appeared on Pittsburg's website, altered them to remove all references to Pittsburg, inserted references to Preferred, and sent them out to potential customers on at least one occasion. The items allegedly "taken" from the website are:

   (1)   "Testimonials" from satisfied customers–which appear to be all or portions of communications written by customers and sent to Pittsburg. The testimonial language is arranged in paragraphs and an applicable graphic logo taken from the customer is placed next to each paragraph;

   (2)   A news story published by the Henderson Gleaner newspaper which reports that Pittsburg was certified as a drug-free workplace by the Kentucky Department of Worker's Claims;

   (3)   Portions of a letter from the New Mexico OSHA Bureau reflecting that an inspection of a Pittsburg facility in New Mexico did not find safety violations on the date of a particular inspection; and

   (4)   Photographs of tank projects. It would appear that these photographs were created by Pittsburgh, but there is no information to establish by whom the photographs were

> taken or whether or not any other individual claims rights to the photographs.

Pittsburg claims that Preferred then passed off all of these items as their own.

Pittsburg originally filed its Complaint alleging that Preferred's actions amounted to false advertising and unfair competition in violation of the Lanham Act. Pittsburg now seeks to amend its Complaint to add three new causes of action: (1) Count II seeks to add a claim of unfair competition "passing off"; (2) Count III seeks to add a claim of theft; and (3) Count IV seeks to add a claim of conversion. Preferred does not oppose the addition of Count II. However, Preferred does argue that amendment of the Complaint should not be permitted to include Counts III and IV because Pittsburg "does not plead in its proposed First Amended Complaint that it was deprived of any property." (Defendant's Objection to Plaintiff's First Amended Complaint at 2). We interpret this argument as raising the issue of whether it is futile to bring such claims because they do not state claims upon which relief can be granted.

The question presented by Pittsburg's attempt to amend its Complaint and Preferred's objection is as follows: Can website content be the subject of a cause of action sounding in theft or conversion? Pittsburg points to Justice Boehm's concurring opinion in *Conwell v. Gray Loon Outdoor Marketing Group, Inc.,* 906 N.E.2d 805, 817-18 (Ind. 2009). This opinion suggests that whether or not website content is "property" subject to a claim of conversion remains an open question in Indiana.

To address this open issue, we believe that we must first examine whether the Copyright Act preempts Pittsburg from bringing causes of action sounding in theft or conversion in this case. 17 U.S.C. § 301, the portion of the federal Copyright Act that discusses preemption of state law, provides that:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

As the Seventh Circuit has explained, the Copyright Act sets forth two conditions that must be met in order for there to be preemption. "First, the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102. Second, the right must be equivalent to any of the rights specified in § 106." *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n,* 805 F.2d 663, 674 (7th Cir. 1986). Section 102 includes protection for "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device . . . ." 17 U.S.C. § 102. This protection extends to such things as literary, pictorial, and graphic works. 17 U.S.C. § 102. The protection also extends to compilations and derivative works. *Id.* § 103.

An analysis of the website content at issue in this case reveals that all of the material allegedly taken by Preferred is covered under either section 102 or 103. First, the "Testimonials" section of Pittsburg's website, as well as the "In the News" section that included the newspaper article and the New Mexico OSHA letter, constitute a compilation. Pittsburg arranged these items in an original manner, placing graphics beside each item to indicate its source. Even though this arrangement of testimonials and other materials could rightly be characterized as expressing a minimal amount of creativity, copyright law still protects such creations. "These choices as to selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity, are sufficiently original that Congress may protect such compilations through the copyright laws." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 348, 111 S. Ct. 1282, 113 L.Ed.2d 358 (1991). Second, as for the photographs of tank projects, it appears that they have been produced by Pittsburg, and Pittsburg admits that the photographs were placed on Pittsburg's website as a form of advertisement. It appears that the photographs meet the definition of 17 U.S.C. § 102 as they are "pictorial" and are "original works of authorship fixed in any tangible medium of expression." The Magistrate Judge, therefore, concludes that photographs allegedly taken from Pittsburg's website are subject to the protection of copyright laws.

The second issue to be addressed is whether claims of theft and conversion meet the Copyright Act's second requirement for preemption: that the rights Pittsburg asserts under Indiana law are equivalent to the rights specified in section 106. There are five such exclusive rights that the Copyright Act provides: (1) reproduction; (2) adaptation; (3) publication; (4) performance; and (5) display. 17 U.S.C. § 106. "[T]o avoid preemption, a state law must regulate conduct that is qualitatively distinguishable from that governed by federal copyright law – ie., conduct other than reproduction, adaptation, publication, performance, and display." *Toney v. L'Oreal USA, Inc.,* 406 F.3d 905, 910 (7th Cir. 2005). Therefore, as then District Judge David Frank Hamilton has explained, in order to avoid preemption of state law claims of theft and conversion, a plaintiff "must show that those claims include an 'extra element' that changes the nature of the state law action so as to make it qualitatively different from a federal copyright infringement claim." *DIRECTV, Inc. v. Beecher,* 296 F.Supp.2d 937, 944 (S.D. Ind. 2003). In this case, what Pittsburg alleges is that Preferred has removed pictures, testimonials, and other items from its website and reproduced or adapted those items by removing any references to Pittsburg and replacing the name Preferred. Pittsburg further alleges that these reproduced or adapted works have been published/displayed by Preferred. It does not appear from the face of the Amended Complaint that Pittsburg alleges any "extra element." Therefore,

Pittsburg's Motion for Leave to File First Amended Complaint to add Counts III and IV must be **DENIED**.

## II. Conclusion

For the reasons outline above, Pittsburg's Motion for Leave to File First Amended Complaint is **GRANTED** as to Count II, but it is **DENIED** as to Counts III and IV. A proper Amended Complaint should be filed within ten (10) days of the date of this Entry.

**SO ORDERED.**

**Dated:** April 18, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Todd C. Barsumian
BARSUMIAN LAW
todd@barsumianlaw.com

Angela L. Freel
RUDOLPH FINE PORTER &
 JOHNSON LLP
alf@rfpj.com

David L. Jones
JONES WALLACE, LLC
djones@joneswallace.com

Julia B. Langerak
JONES WALLACE LLC
jlangerak@joneswallace.com

Robert W. Rock
JONES WALLACE LLC
rrock@joneswallace.com

Ross E. Rudolph
RUDOLPH FINE PORTER &
 JOHNSON
rer@rfpj.com

Paul J. Wallace
JONES WALLACE LLC
pwallace@joneswallace.com